**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

**UNITED STATES OF AMERICA,**

        **Plaintiff,**

**-vs-**                                  **Case No. 6:04-cr-44-ORL-19KRS**

**WILLIE HUGHLEY,**

        **Defendant.**

## ORDER

This case comes before the Court on a stipulation of the parties. The Government and Defendant Willie Hughley have stipulated that Amendments 706 and 711 to the United States Sentencing Guidelines provide Hughley with a two-level reduction in sentence. (Doc. No. 63, filed Oct. 20, 2008.) However, the Probation Officer has given notice to the parties and the Court that the this stipulation may be inconsistent with Eleventh Circuit case law.

In *United States v. Moore*, 541 F.3d 1323, 1330 (11th Cir. 2008), the Eleventh Circuit explained that defendants sentenced under the Sentencing Guideline's career offender provision are generally ineligible for a reduction in sentence. However, a limited exception to that rule exists where the offender was sentenced according to the "guideline range that would have applied absent the career offender designation" because the career offender provision over represented the seriousness of the offender's criminal history. *Id.* Here, the Court sentenced Hughley under the career offender provision, but it departed downward from the total offense level of thirty-one by three levels because the "Defendant was involved with a small amount of cocaine," had several medical conditions, and was forty-eight years old. (Doc. No. 48 at 11.) The Eleventh Circuit has

labeled a departure under these circumstances an "unguided" departure under U.S. Sentencing Guideline section 5K2.0, in contrast to the "guided" departure a court makes under U.S. Sentencing Guideline section 4A1.3 when it finds that the career offender range over represents the seriousness of an offender's criminal history. *United States v. Smith*, 289 F.3d 696, 710 (11th Cir. 2002). Hence, this case presents the legal issue of whether an unguided departure falls within the class of cases that the Eleventh Circuit identified in *Moore* as instances where a career offender is eligible for a reduction in sentence.

The parties are given notice that the Court may reject their stipulation based on this legal issue. In paragraph five of the stipulation, the parties request that they be allowed to submit a brief in support of their stipulation in the event that the Court considers rejecting it. That request is granted, and the United States and the Defendant may each submit a brief addressing the above legal issue within **ten (10) days** from the date of this Order. The Court may issue its Order after considering any brief(s) that may be filed without further notice and without holding a hearing on this legal issue.

**DONE** and **ORDERED** in Chambers in Orlando, Florida on November 12, 2008.

PATRICIA C. FAWSETT, JUDGE
UNITED STATES DISTRICT COURT

Copies furnished to:

Counsel of Record